# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARLOW T. ROBINSON,** )<br>**#45350-044** )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>**T. G. WERLICH,** )<br>)<br>Respondent. ) | Case No. 19-cv-872-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. Petitioner Marlow T. Robinson filed this habeas corpus action pursuant to 28 U.S.C. § 2241 on August 9, 2019 but did not submit the filing fee with his Petition. On October 17, 2019, the Court ordered Robinson to pay the $5.00 filing fee for this action within 30 days. (Doc. 4). On November 15, 2019, Robinson submitted an unsigned copy of a voucher indicating that he may have requested prison officials to pay the fee from his inmate trust account (Doc. 10), but no payment was received.

On December 2, 2019, the Court ordered Robinson to either pay the $5.00 filing fee, submit a motion to proceed *in forma pauperis* ("IFP") no later than December 23, 2019, or face dismissal of this action for want of prosecution. (Doc. 13). More than two weeks have passed since that deadline, and Robinson's fee payment has not been received nor has he filed a motion to proceed IFP or submitted any related correspondence to the Court. Therefore, this case is subject to dismissal.

Accordingly, this habeas corpus action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681

(7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly. All pending motions are **TERMINATED AS MOOT**.

If Petitioner wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Dated: January 16, 2020

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**